UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY YOUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 1:20-cv-00512-JRS-TAB |
| | ) |
| KEITH BUTTS, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Anthony Young for a writ of habeas corpus challenges a prison disciplinary proceeding identified as NCF 18-05-0207. Dkt. 1. The respondent has responded, dkt. 7, and the petitioner did not reply. For the reasons explained in this Entry, Mr. Young's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

1

### B. The Disciplinary Proceeding

On May 26, 2018, Lt. S. Laboyteaux charged Mr. Young with offense A-121, possession of a cellular telephone. The report of conduct states:

> On the above date and approximate time [May 26, 2018, at 2015 p.m.], myself (Lt. Laboyteaux) and K-9 ofc. J. Lunsford were conducting searches in L-Unit when I saw offender Young, Anthony, #123925 with an object in his hand that was glowing. As we approached offender Young, he placed this item in the shoe on the floor beside him. Offender Young was removed from the area and the shoe where he placed the object was searched. Upon searching this shoe, a Black android touchscreen phone was found.  Offender Young was advised of this conduct.

Dkt. 7-1 (errors in original).

On May 29, 2018, the screening officer notified Mr. Young of the charge and provided him with copies of the report of conduct and the notice of disciplinary hearing (screening report). Dkt. 7-3. Mr. Young pled not guilty and stated that he did not intend to call any witnesses. *Id.* He requested "video footage (2210-2220) L2 upper closest to front door—showing I was not using any cell phone." *Id.*

Officer J. Lunsford submitted a witness statement, which said:

> On 5-26-2018 at approximately 2155 Lt. Laboyteaux and myself (K9 Ofc. Lunsford) was conducting searches in L-Dorm when I seen offender Young #123925 with an object that was glowing in his hand. As I escorted offender Young away from the area, a cellular device was located in a boot next to where he was sitting. Offender Young was restrained and escorted to outpatient for a visual assessment (RN H. Denman) then to RHU.

Dkt. 7-6 (errors in original).

The video summary stated as follows:

> The video for the above case was reviewed from 21:10 to 22:20 as the offender requested. Video shows Lt. Laboyteaux and Ofc. Lunsford enter the upper bed area but I am unable to see the area where the search took place.
> Camera does not record sound.

Dkt. 7-7; dkt. 11 (sealed CD).

The record contains multiple photographs of a black cell phone and one photograph of a cigarette lighter. Dkt. 7-2.

On June 4, 2018, the hearing officer held a hearing in case NCF 18-05-0207. Dkt. 7-5. Mr. Young pleaded not guilty and commented: "I did not have the cell phone on me." *Id.* The hearing officer considered the conduct report, Mr. Young's statement, the witness statement, the video review, and the photographic evidence. The hearing officer found Mr. Young guilty of offense A-121, use/possession of a cellular telephone. The hearing officer stated: "Based on conduct report, evidence, offender and witness statement—Guilty—offender was seen with the phone." *Id.* The hearing officer imposed sanctions which included a loss of 180 days of good time credit and a one-level demotion in credit class. *Id.*

Mr. Young's appeals to the facility head and to the final reviewing authority for the Indiana Department of Correction (IDOC) were denied. Dkts. 7-8, 7-9.

**C.   Analysis**

Mr. Young alleges that his due process rights were violated. Mr. Young first argues that the cell phone was found in a common area, not on his person or in his property. He contends the phone was found in another offender's bed area in an open dorm. He also argues that supervising officer Captain Scudder signed the conduct report at 2101 pm but that the K-9 officer said the incident occurred after 2215 pm, in violation of IDOC policy. Finally, he asserts that multiple offenders were in the area where the phone was found. Dkt. 1 at 4-5. The Court construes his claims as a challenge to the sufficiency of the evidence and a claim that IDOC policy was violated.

The evidentiary standard for disciplinary habeas claims, some evidence, is very low. "The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir.

2012) (citation and quotation marks omitted); *see also Ellison,* 820 F.3d at 274 ("a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."); *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) ("Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'") (quoting *Hill*, 472 U.S. at 455-56)). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

  The hearing officer found Mr. Young guilty of possession of a cellular telephone, meaning the "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." Dkt. 7-10 at 3. Mr. Young argues that the phone was not found on his person. The reporting officer and another officer stated, however, that they saw Mr. Young holding something that glowed. The reporting officer said that when they walked toward him, he put the object in a shoe on the floor. The conduct report is consistent with Mr. Young's contention that the phone was not found on his person, but that does not support his claim that there was insufficient evidence. He was seen with the phone and then the phone was found where he put it, in a shoe or boot on the floor. The conduct report and witness statement constitute some evidence to support the charge of possession of a cellular phone. This claim fails.

  Mr. Young's second claim is that the supervising officer signed the conduct report at a time that is not consistent with the time stated by the witnessing officer. To this extent he alleges that there was a violation of procedure. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal

law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process."); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import – and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

The Court reads the time of the incident stated on the conduct report as "2015" and the captain's signature was at "2101," which is consistent and reasonable, or perhaps even an error as to one of the times. Dkt. 7-1. But even if there is a discrepancy between the time the captain wrote and the time referred to by the K-9 witnessing officer, 2155, dkt. 7-6, to the extent Mr. Young argues that this violated policy, this does not present a viable claim for relief. Any violation of IDOC policy does not state a federal habeas claim. Moreover, the discrepancy does not change the dispositive facts that on May 26, 2018, Mr. Young was seen holding what was later determined to be a cellphone. This claim fails.

Mr. Young was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Young's due process rights.

### D.   Conclusion

For the above reasons, Mr. Young is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:   11/5/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTHONY YOUNG
123925
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov